John P. HERRERA, III and Deborah Herrera, Plaintiffs–Appellants,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURE IMPLEMENT WORKERS OF AMERICA; Local Union 31, United Automobile Aerospace and Agricultural Implement Workers of America, UAW; General Motors Corporation; L.D. Edwards, an individual; Charlie Knott, an individual; E.D. Lyman, an individual; Joe Powell, an individual; Clint Simmons, an individual; Joe Liggins, an individual; Rene Garcia, an individual; Bud Carroll, an individual; John L. Melton, an individual, Defendants–Appellees,

No. 94–3301.

United States Court of Appeals,
Tenth Circuit.

Jan. 11, 1996.

William S. Robbins, Jr., The Robbins Group, Kansas City, Missouri, for Appellants.

David W. Whipple, Whipple Law Firm, Kansas City, Missouri (M. Jay Whitman, Associate General Counsel, International Union, UAW, Detroit, Michigan, with him on the brief) for Appellees UAW and all individually named defendants.

R. Kent Sellers (Jack J. Yates, with him on the brief) Gage & Tucker, Kansas City, Missouri, for Appellee General Motors Corporation.

Before TACHA and McWILLIAMS, Circuit Judges, and ELLISON,[1] District Judge.

TACHA, Circuit Judge.

This dispute arose out of an alleged agreement between defendants General Motors Corporation ("GM") and the United Auto Workers ("UAW") to reduce the number of slots in a job security program. Plaintiffs John P. Herrera, III, and Deborah Herrera, GM employees and UAW members, asserted claims under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, the Labor–Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411 *et seq.*, the National Labor Relations Act, 29 U.S.C. § 159(a), the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 *et seq.*, and Title IX of the Organized Crime Control Act of 1970 (Racketeer Influenced and Corrupt Organizations), 18 U.S.C. § 1961 *et seq.* The district court granted summary judgment for the defendants on all claims, and plaintiffs appeal. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review the district court's order of summary judgment de novo. *Applied Genetics v. First Affiliated Securities,* 912 F.2d 1238, 1241 (10th Cir.1990). In so doing, we examine the factual record and inferences therefrom in the light most favorable to the party opposing summary judgment. *Id.*

After careful review of the record, we adopt the analysis in the Memorandum and Order of the district court. *Herrera v. UAW,* 858 F.Supp. 1529 (D.Kan.1994). We therefore AFFIRM the judgment of the district court.